IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM LEJA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>WEST LIBERTY FOODS, LLC,<br><br>   Defendant. | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Adam Leja, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendant West Liberty Foods, L.L.C. ("West Liberty"), states as follows:

### NATURE OF ACTION

1. This is a class and collective action brought on behalf of current and former production workers (the "putative class") who were not paid for all time worked, including the time spent donning and doffing required safety equipment and work clothes and the time spent obtaining said equipment at the start of a work shift, in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Leja also brings an individual claim for Defendant's unlawful interference with his rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

### JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. 29 U.S.C. § 216(b), and 29 U.S.C. § 2617.

4. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facilities located at 750 South Schmidt Road in Bolingbrook, Will County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Leja is an adult resident of Palos Hills, Illinois. He worked for Defendant at West Liberty's Bolingbrook facility as a production worker from July 2015 through June 2016.

7. Leja brings this FLSA and IMWL action on behalf of a putative class of similarly-situated individuals, namely, all persons who worked were not paid for their time spent donning and doffing safety equipment and work clothes which Defendant required them to wear.

8. Plaintiff was an "eligible employee" of Defendant as defined in the FMLA, 29 U.S.C § 2611(2)(A).

9. Defendant West Liberty Foods, LLC is an Iowa corporation authorized to do business in Illinois. West Liberty is engaged in the meat processing business and maintains a plant and other facilities for that purpose in Bolingbrook, Illinois.

10. Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

12. At all relevant times, Defendant was Plaintiff's "employer" as defined in the FMLA, 29 U.S.C. § 2611(4)(A).

## FACTUAL ALLEGATIONS

13. Plaintiff was employed as a production worker for Quantum Foods, Inc. ("Quantum") from 2004 until he was laid off in or around May 2014. Throughout his employment with Quantum, Plaintiff worked at a facility located at 750 South Schmidt Road in Bolingbrook, Illinois.

14. Throughout Plaintiff's employment with Quantum, Quantum was in the meat processing business.

15. In or around 2014, Quantum filed for Chapter 11 bankruptcy protection.

16. In or around June 2014, West Liberty closed on its "turn key" purchase of Quantum's meat processing facility located on 750 South Schmidt Road in Bolingbrook.

17. Since purchasing the former Quantum facility in Bolingbrook, West Liberty has utilized the previously existing equipment (formerly owned by Quantum) for its own operations. West Liberty added very little new equipment to the facility.

18. Since June 2014, West Liberty has conducted meat processing operations at its Bolingbrook facility which are substantively identical to those previously conducted by Quantum at the same facility.

19. Beginning in 2014, West Liberty began hiring employees to work at its new Bolingbrook facility. Most of those employees previously worked for Quantum in identical positions and at the same location. Plaintiff is one such employee.

20. Plaintiff began working for West Liberty as a production worker in July 2015. He remained in that position until West Liberty terminated his employment in June 2016.

21. Throughout his employment with West Liberty, Plaintiff was scheduled to work forty (40) hours per week. Plaintiff routinely worked in excess of his scheduled forty (40) hours per week.

22. Throughout Plaintiff's employment with Defendant West Liberty, he was required by Defendant to wait in line to obtain safety equipment and work clothes from the company at the start of each shift. This equipment included a hairnet, gloves, and an apron. Upon receiving said equipment he proceeded to a locker room, where he donned those items in addition to company-mandated boots and a hardhat. Plaintiff then was required to wait in line to punch in. This mandatory preparatory activity typically lasts 10 to 15 minutes and is uncompensated by Defendant.

23. Defendant reprimanded Plaintiff to the extent he attempted to punch in prior to engaging in the above-described preparatory activities.

24. Plaintiff was also required to doff certain required safety equipment and work clothes during his unpaid 30-minute lunch break, and again don such safety equipment and work clothes prior to the end of the lunch break. This uncompensated doffing and donning time consumes a portion of his unpaid 30-minute lunch period. Thus, Plaintiff was not provided with a bona fide meal break as required by the Fair Labor Standards Act.

25. At the end of his shift, Defendant required Plaintiff to punch out prior to doffing his required safety equipment and work clothes. As a result, Plaintiff again was not compensated for his time spent doffing equipment and returning it to his company-owned locker.

26. The above-described activities are integral and indispensable to Plaintiff's principal work activities. However, Defendant never compensated Plaintiff for his time spent carrying out these activities.

27. Defendant was aware that Plaintiff performed the donning and doffing activities described above. Defendant required Plaintiff to perform these activities.

28. Plaintiff and the class he seeks to represent, which numbers approximately 500 individual employees at West Liberty's Bolingbrook facility, were not compensated for the above-described work.

29. Plaintiff seeks to represent all employees who have not been paid for all hours worked, including overtime at the required time and one-half rate from June 2014 through and including the present, in violation of the Fair Labor Standards Act, 20 U.S.C. § 207.

30. On or about April 19, 2016, Plaintiff noticed that he had developed a hernia.

31. On or about April 20, 2016, Plaintiff notified Defendant that he was suffering from a hernia.

32. On April 22, 2016, Plaintiff was formally diagnosed with a large left inguinal hernia. At that time, his doctor informed him that the hernia required future surgery.

33. While awaiting pre-approval from his insurer for the necessary surgery, Plaintiff continued working.

34. On April 29, 2016, the pain from Plaintiff's hernia became so severe that he was taken to a clinic from the Bolingbrook facility. Plaintiff underwent emergency hernia surgery the same day.

35. Plaintiff's doctor restricted him from working until he had recovered from the April 29 emergency surgery. As a result, Plaintiff was absent from work beginning April 30, 2016.

36. In a letter dated June 1, 2016, Defendant terminated Plaintiff, citing his absenteeism necessitated by his hernia and treatment for the same.

37. In the year prior to June 1, 2016, Plaintiff worked more than 1,250 hours for Defendant.

## CLASS ALLEGATIONS

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class:

> All persons who (1) worked as production workers for Defendant; (2) worked during the period of time including the three years preceding the filing of this Complaint; (3) worked over forty (40) hours per week in any one week; and (4) were not compensated for their time spent waiting to receive, donning, and doffing company-mandated safety equipment and clothing.

39. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers between two-hundred and six-hundred individuals over the statutory timeframe.

40. Common issues of law and fact predominate the claims of the entire putative class. Specifically, all claims are predicated on a finding that Defendant failed to compensate its production workers for time spent waiting for, donning, and doffing required safety equipment and clothing, resulting in a failure to compensate these employees at the overtime rate. In short, the claims of the named Plaintiff are identical to the claims of the class members.

41. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

42. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct

alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Collective Action)

43. The Plaintiff re-states and incorporates paragraphs 1 – 42 as though fully set forth herein.

44. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Leja and all putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

45. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

46. All past and present employees of Defendant who were required to and did don and doff safety equipment and clothing and were not compensated for these activities are similarly situated to the Plaintiff, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all putative class members.

47. Defendant's failure to pay overtime wages for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

48. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

49. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

50. The members of the putative class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Adam Leja, on behalf of himself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
### (Class Action)

51. The Plaintiff re-states and incorporates paragraphs 1 – 42 as though fully set forth herein.

52. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay the Plaintiff and putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

53. Pursuant to the IMWL, for all weeks during which the Plaintiff and the putative class members worked in excess of forty (40) hours, including time spent donning and doffing, they were entitled to be compensated with overtime wages.

54. Defendant violated the IMWL by failing to compensate the Plaintiff and the putative class members with overtime wages all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Adam Leja, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III – FMLA INTERFERENCE
### (Individual Claim)

58. Plaintiff restates and incorporates Paragraphs 1 through 42 as though fully set forth herein.

59. The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

60. Defendant interfered with Leja's rights under FMLA by its failure to inform him that he was eligible to take leave pursuant to the FMLA.

61. Defendant further interfered with Leja's rights under the FMLA by failing to account for Leja's time spent working for Quantum.

62. As a result of Defendant's interference, Plaintiff lost income and other valuable benefits.

WHEREFORE, Plaintiff Adam Leja respectfully requests that this Court enter an order as follows:

    a) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    b) Enjoining and permanently restraining these violations of the FMLA;

    c) Awarding Plaintiff back wages and lost benefits due to Defendant's violation of the FMLA;

    d) Awarding Plaintiff front pay;

    e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    f) Awarding Plaintiff injunctive relief;

    g) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    h)      Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

**Plaintiff requests a trial by jury**

Dated: June 10, 2016                          Respectfully submitted,

Alejandro Caffarelli, #06239078          ADAM LEJA, individually and on behalf of all
Madeline K. Engel, #06303249            others similarly situated,
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300            By: /s/ Alejandro Caffarelli
Chicago, IL  60604                            Attorney for the Plaintiff
Tel. (312) 763-6880